UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDO CASENAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MILPITAS POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 24-cv-08565-PCP<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Pro se plaintiff Erlindo Casenas brings this lawsuit against nine defendants: the City of Milpitas, the Milpitas Police Department, the Milpitas Police Officers Association, 24 Hour Fitness, Sgt. Matison Mednick, Officer Vivian Ngyuen, Officer Maung Thiha Zaw, Officer Melissa Pizzo Medieros, Officer Max Fontes, and Does 1 through 10. The City of Milpitas, the Milpitas Police Department, Sgt. Matison Mednick, Officer Vivian Ngyuen, Officer Maung Thiha Zaw, Officer Melissa Pizzo Medieros, and Officer Max Fontes (collectively, "City Defendants") now move to dismiss the claims against them. For the following reasons, the Court grants the City Defendants' motion.

**BACKGROUND**

Mr. Casenas filed this lawsuit in November 2024, then filed an Amended Complaint in May 2025. His claims arise from conduct that occurred while he was at a 24 Hour Fitness gym. He alleges that he called the Milpitas Police Department seeking assistance from harassment by another gym-goer but that, instead of arresting the harasser, the officers targeted him in violation of his constitutional and statutory rights.

Mr. Casenas brings the following causes of action against the City Defendants: (1) unlawful arrest under the Fourth Amendment; (2) use of excessive force under the Fourth

Amendment; (3) due process violations under the Fourteenth Amendment; (5) equal protection violations under the Fourteenth Amendment; (6) retaliation and censorship in violation of the First Amendment; (7) discrimination under the American with Disabilities Act ("ADA"); (7) intentional infliction of emotional distress; (8) invasion of privacy; and (9) civil conspiracy.

## LEGAL STANDARDS

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id.* at 664. Pro se complaints are "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007).

## ANALYSIS

**I.     Mr. Casenas fails to plead any Fourth Amendment violations.**

Mr. Casenas alleges that he was unlawfully arrested, with excessive force, by Officers Nguyen and Zaw. For support, he alleges that he was "forcibly handcuffed," then was "forced to stand and sit on the pavement causing pain." He alleges that this arrest came after he was "interrogated and detained … without probable cause."

The use of force—including non-lethal force—must be justified with sufficient reason. *Bryan v. MacPherson*, 630 F.3d 805, 825 (9th Cir. 2010). A court evaluates that sufficiency by considering the specific factual situation. *Id*. Here, Mr. Casenas fails to allege any details that show that the police officers' actions were unjustified. It is difficult to imagine a scenario in which the use of handcuffs during an arrest is excessive or in which a detained individual is not required

to either stand or sit for some time during the arrest. While Mr. Casenas did inform the officers that he suffered from ADHD, anxiety, and hypertension, none of these medical conditions elevate the use of handcuffs into an excessive force claim. Additionally, Mr. Casenas never alleges that he informed the officers of his knee brace. In the absence of specific factual allegations plausibly supporting his claim that the officers' use of handcuffs and a short period of painful standing or sitting were unwarranted, Mr. Casenas's existing complaint fails to adequately plead an unreasonable use of force by the officers.

To prevail on an unlawful arrest claim brought under § 1983, a plaintiff bears the burden of demonstrating that the officers lacked probable cause to arrest him. *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010). While Mr. Casenes alleges that there was no probable cause for Officer Nyguen to arrest him for being under the influence of a controlled substance, he fails to provide specific factual allegations supporting that legal claim. In fact, his allegation that he passed the field sobriety tests administered by the officer is directly contradicted by Officer Nyguen's incident report, which is attached to the amended complaint and identifies several bases for her belief that he was under the influence of a stimulant. A court need not accept as true allegations that are contradicted by exhibits attached to and thus incorporated into the complaint. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In the absence of any allegations plausibly suggesting that the bases for arrest identified in the incident report were fabricated, Mr. Casenas's existing complaint fails to plead a Fourth Amendment unlawful arrest claim.

Because Mr. Casenas's existing complaint does not state a valid Fourth Amendment claim, the City Defendants' motion to dismiss those claims is granted with leave to amend.

**II.     Mr. Casenas fails to plead a due process or equal protection violation.**

Mr. Casenas brings a claim under the Fourteenth Amendment Due Process Clause but does not identify what due process rights were violated. Because Mr. Casenas fails to allege "a cognizable legal theory" that explains his alleged due process violations or to include specific factual allegations plausibly establishing such a violation, his due process claim is dismissed with leave to amend.

3

1    Next, Mr. Casenas alleges violations of the Equal Protection Clause. Here, he specifies that he was discriminated against on the basis of a mental disability. A cause of action under the Equal Protection Clause requires a showing that a defendant acted with an intent to discriminate against the plaintiff based on his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998). Again, Mr. Casenas includes only conclusory statements that one of the responding officers verbally abused him "based on [his] mental health condition." To pursue an equal protection claim, Mr. Casenas must include specific factual allegations plausibly demonstrating his entitlement to relief. Because he has not done so in his existing complaint, his equal protection claim is also dismissed with leave to amend.

### III.  Mr. Casenas fails to allege facts showing a First Amendment violation.

A First Amendment retaliation claim requires a showing that the defendant chilled the plaintiff's protected speech and that this deterrent effect was a motivating factor in the defendant's conduct. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012). Mr. Casenas has not adequately alleged that any of the defendants intended to silence his protected speech. Rather, he simply alleges that they either did not adequately respond to his complaints or blocked *everyone*—as opposed to him specifically—from commenting on their social media posts. Accordingly, this claim is also dismissed with leave to amend.

### IV.  Mr. Casenas fails to allege facts showing ADA violations.

A plaintiff asserting a violation of Title II of the ADA must allege (1) that he is a qualified individual with a disability; (2) that he was discriminated against by a public entity; (3) and that this discrimination was because of his disability. *Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014). As explained above, Mr. Casenas does not properly plead that he was discriminated against and instead includes only conclusory statements. For that reason, his ADA claim against the City Defendants who are public entitles fails and is dismissed with leave to amend.

"[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Mr. Casenas's ADA claim against the individual defendants is

4

therefore dismissed without leave to amend.

**V.    Mr. Casenas fails to plead the administrative exhaustion required to pursue his state law claims against the City of Milpitas and the Milpitas Police Department.**

The California Tort Claims Act establishes certain procedural conditions that a plaintiff must satisfy before filing a lawsuit against a public entity. *State of California v. Superior Ct.*, 90 P.3d 116, 118 (2004). Specifically, before filing suit, a plaintiff must timely file a claim for damages with the public entity he is suing. Cal. Gov't Code § 911.2. If a plaintiff fails to do so, he is barred from suing that entity. Cal. Gov't Code § 945.4. Here, Mr. Casenas does not allege that he ever filed a claim under the Tort Claims Act. For that reason, he fails to plead any entitlement to relief on his state law claims against the City of Milpitas and the Milpitas Police Department. Those claims are therefore dismissed with leave to amend.

**VI.   Mr. Casenas fails to plead a claim for intentional infliction of emotional distress.**

Intentional infliction of emotional distress requires a showing of (1) extreme and outrageous conduct by the defendant with the intention—or reckless disregard of the possibility of—causing emotional distress, (2) the plaintiff's suffering of severe or extreme distress, and (3) actual and proximate cause of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 209 P.3d 963, 976 (2009). Mr. Casenas alleges that the defendant caused "severe emotional distress" through "public humiliation, deliberate misinformation in police reports, and retaliation." Even taking all facts in the complaint as true, the Court cannot find that Mr. Casenas meets the standard required to overcome a 12(b)(6) dismissal because his allegations are entirely conclusory. He does not allege any facts plausibly suggesting that the remaining City Defendants either intended to cause or recklessly disregarded the probability of causing extreme emotional distress. This claim is therefore dismissed with leave to amend.

**VII.  Mr. Casenas fails to allege facts showing an invasion of privacy.**

A plaintiff alleging invasion of privacy under California law must show (1) a legally protected privacy interest, (2) a reasonable expectation of privacy in the circumstances, and (3) conduct by the defendant constituting a serious invasion of privacy. *Hill v. Nat'l Collegiate Athletic Assn.*, 865 P.2d 633, 657 (1994). The complaint contains no set of facts plausibly showing

that any of the required elements are met here. This claim is dismissed with leave to amend.

### VIII. Mr. Casenas fails to adequately plead conspiracy.

A plaintiff alleging civil conspiracy under California law must show (1) a group of two or more persons who agreed to a common plan to commit a tortious act then (2) committed acts in furtherance of that design, (3) resulting in damages. *Id*. Mr. Casenas's existing complaint does not identify what the alleged conspiracy's underlying predicate tort is. This claim is therefore dismissed with leave to amend.

### CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss is granted. Dismissal is with leave to amend. Any amended complaint must be filed within 35 days of the date of this Order. If no amended complaint is filed, Mr. Casenas's claims against the City Defendants will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 20, 2025

P. Casey Pitts
United States District Judge