UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDO CASENAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MILPITAS POLICE OFFICERS ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-08565-PCP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MPOA'S MOTION TO DISMISS; STRIKING DKT. NO. 50**<br><br>Re: Dkt. Nos. 26, 38, 50 |

Defendant Milpitas Police Officers Association (MPOA) moves to dismiss self-represented plaintiff Erlindo Casenas's first amended complaint or to quash service of summons under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), 12(b)(6), and other grounds. Plaintiff alleges claims against MPOA, the City of Milpitas, the Milpitas Police Department, various police officers, 24 Hour Fitness USA, LLC, and one individual, Aarondeep Singh Tumber, arising from plaintiff's alleged harassment at a 24 Hour Fitness and the officers' response and subsequent arrest of plaintiff. For the reasons below, MPOA's motion to dismiss is granted in part and denied in part.

## BACKGROUND

Only a handful of allegations in the first amended complaint concern MPOA. Plaintiff alleges that MPOA represents Milpitas Police Department officers and is responsible for professionalization of the MPD. Dkt. No. 18 (FAC) ¶¶ 7, 74. MPOA has allegedly failed to "supervise, discipline, enforce guidelines, as well as provide adequate training to their employees on the proper procedures for handling mental health emergencies and civil rights of individuals." FAC ¶¶ 75, 113, 122.

After initiating this case, plaintiff filed a first amended complaint. The Court granted the motion to dismiss of the City of Milpitas, the Milpitas Police Department, and the police officer

defendants.[1] Dkt. No. 41. MPOA subsequently filed its own motion to dismiss. Dkt. No. 38 (Mot.).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief."

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) … permit a defendant to challenge the form of summons and the method of service attempted by plaintiff, respectively." *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept

---

[1] Because the Court's Order granting the City defendants' motion to dismiss gave plaintiff leave to amend and this Order does the same, plaintiff's motion for leave to amend, Dkt. No. 26, is moot.

1  as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
2  inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell*
3  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## ANALYSIS

MPOA moves to dismiss the first amended complaint under Federal Rules of Civil Procedure 8(a), 12(b)(4), 12(b)(5), 12(b)(6), and 41(b). The Court denies the motions based on Rules 8(a), 12(b)(4), 12(b)(5), and 41(b), and grants the motion based on Rule 12(b)(6) with leave to amend.

The Court denies the motions under Rules 8(a) and 41(b) because the arguments are duplicative of MPOA's other motions. Specifically, MPOA's argument that plaintiff "fails to provide any statements that would tend to show that Plaintiff is entitled to relief" in violation of Rule 8(a) is addressed through its Rule 12(b)(6) motion. Mot. 16. MPOA seeks dismissal under Rule 41(b) because "Plaintiff has repeatedly caused undue delays in the disposition of this case, through repeated failures to properly serve MPOA and through repeated failures to file pleadings which sufficiently state a claim upon which relief could be granted." Mot. 16–17. These arguments are addressed through its 12(b)(4), 12(b)(5), and 12(b)(6) motions.

### I.   12(B)(4) AND 12(B)(5) MOTION

The Court denies MPOA's Rule 12(b)(4) and 12(b)(5) motions to dismiss or, in the alternative, to quash service of summons.

As to Rule 12(b)(4), "[d]ismissals for defects in the form of summons are generally disfavored." *U.S.A. Nutrasource*, 140 F. Supp. 2d at 1052. "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). MPOA argues any summons packages it received were defective because they included either a copy of the initial complaint or a draft second amended complaint, but not the operative first amended complaint. Mot. 2–3. But MPOA does not identify any meaningful prejudice from these defects. *See McZeal v. Solon House, LLC*, No. 23-cv-00297-KAW, 2023 WL 5001451, at *2 (N.D. Cal. Aug. 4, 2023).

As to Rule 12(b)(5), "[o]nce service is challenged, plaintiffs bear the burden of

establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "[S]ufficiency of service can be a fact-driven inquiry." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

MPOA argues it has not been properly served because it received a forwarded document package from another defendant. Mot. 2. But the motion also indicates that plaintiff sent MPOA a document package in September. Mot. 3. MPOA does not explain why the method of that service was improper. MPOA also acknowledges that plaintiff filed a proof of service "relating to the alleged service of process on MPOA," but argues it "is inaccurate and does not reflect truthfulness to the Court." Mot. 7. The motion, however, does not include any declaration attesting to what MPOA received from plaintiff and when.[2] Therefore, the only evidence presently in the record is the proof of service at Dkt. No. 34, which is "prima facie evidence of valid service." *See S.E.C.*, 509 F.3d at 1166.

MPOA also premises its 12(b)(4) and 12(b)(5) motions on Federal Rule of Civil Procedure 4(m). Rule 4(m) governs the time limit for service and requires a plaintiff to serve a defendant within 90 days of filing a complaint. MPOA argues that "[a]s of August 19, 2025, 90 days had passed since the filing of the" first amended complaint, during which plaintiff failed to effect service. Mot. 7. But Rule 4(m) is lenient. *See United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."). Even when a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*." Fed. R. Civ. P. 4(m) (emphasis added). And "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Even if plaintiff

---

[2] Civil Local Rule 7-5 requires "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record."

4

did not serve MPOA by August 19, 2025 but instead did so on September 8, 2025, *see* Dkt. No. 34, the circumstances here warrant a short extension of the deadline for service rather than dismissal.

## II.     12(B)(6) MOTION

Plaintiff brings nine claims against the various defendants. Although plaintiff argues his allegations are sufficient to state claims against MPOA under 42 U.S.C. § 1983 for failure to train and/or for conspiracy to cover up misconduct, the first amended complaint alleges only two claims against MPOA: one for negligence and one for breach of the duty of care and unsafe premises. Dkt. No. 44, at 3; FAC ¶¶ 113, 122. Plaintiff fails to state a claim against MPOA under either theory.[3]

To state a claim for negligence under California law, a plaintiff must establish (1) the defendant owed a duty of care, (2) the defendant breached its duty of care, and (3) the breach caused the resulting injury. *Radus Tek Servs., Inc. v. IDC Techs. Inc.*, 767 F. Supp. 3d 972, 978 (N.D. Cal. 2025) (citation omitted).[4] Even if MPOA owed plaintiff a duty of care through its alleged responsibilities to professionalize, supervise, or train officers, plaintiff has not plausibly alleged MPOA breached that duty in a manner that caused his alleged injuries. He provides only conclusory allegations that MPOA "was negligent in professionalizing and supervising" officers and "breached its duty of care to plaintiff by failing to supervise and discipline" officers who then "engaged in a pattern of misconduct" and "failed to intervene" in harassment of plaintiff. FAC ¶¶ 113, 122. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Premises liability is a form of negligence under California law. *Carter v. Nat'l R.R. Passenger Corp.*, 63 F. Supp. 3d 1118, 1144 (N.D. Cal. 2014) (citation omitted). "To prevail on a

---

[3] The Court grants MPOA's request for "judicial notice that the MPOA operates as a non-profit labor organization under 26 U.S. Code § 501(c)(5) and has filed as a tax-exempt labor organization under said regulation with the IRS and California Franchise Tax Board." *See* Mot. 2.

[4] Because breach of the duty of care is an element of negligence, the Court considers plaintiff's claims for negligence and breach of the duty of care together.

premises liability claim, a plaintiff must establish that the defendant owned or controlled the property, that the defendant was negligent in the use or maintenance of the property, that the plaintiff was harmed, and that the defendant's negligence was a substantial factor in causing the harm." *Id.* Here, plaintiff does not allege MPOA owned or controlled any property on which he was harmed. His premises liability claim against MPOA thus fails as well.

### III. THE COURT STRIKES PLAINTIFF'S SUPPLEMENTAL BRIEF AT DKT. NO. 50

Over a month after MPOA filed its reply brief on this motion, plaintiff filed a supplemental opposition. Dkt. No. 50. Under this Court's Civil Local Rule 7-3(d), "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Plaintiff's supplemental opposition is improper because he did not seek prior Court approval before filing it. The Court therefore strikes the supplemental opposition and does not consider its arguments on the merits.

The Court does, however, briefly comment on a few other points for plaintiff's benefit as a self-represented litigant. First, plaintiff's opposition brief filed at Dkt. No. 43, which the Court did not consider, and attached at Dkt. No. 50, includes the name of an attorney as "Counsel for Plaintiff" on the caption and signature pages. If plaintiff is represented, counsel must file a Notice of Appearance in this case pursuant to Civil Local Rule 5-1(c)(2).

Second, the Court does not consider plaintiff's request raised in the supplemental opposition to "declare MPOA in default." "Any written request to the Court for an order must be presented" through a motion pursuant to Civil Local Rule 7-1.

Third, plaintiff references his "successful opposition to the City's similar motion … where service issues were resolved in Plaintiff's favor." The Court's Order at Dkt. No. 41 granting the City defendants' motion to dismiss does not address service. The Order also granted the City defendants' motion, dismissing plaintiff's claims against them. Although the Order granted plaintiff leave to file an amended complaint within 35 days, plaintiff did not do so. His claims against the City defendants have therefore been dismissed with prejudice.

### CONCLUSION

MPOA's motion to dismiss the first amended complaint or quash service of summons is

granted in part and denied in part. The Court denies the motion to the extent it is based on Federal Rules of Civil Procedure 8(a), 12(b)(4), 12(b)(5), and 41(b), but grants the Rule 12(b)(6) motion. Plaintiff's claims against MPOA are therefore dismissed. **Plaintiff is granted leave to file an amended complaint by February 3, 2026. If plaintiff does not timely file an amended complaint, his claims against MPOA will be dismissed with prejudice.** Plaintiff must properly serve MPOA with any amended complaint under the Federal Rules of Civil Procedure. If plaintiff requires extra time to file an amended complaint due to his recent medical treatments, he must file a motion requesting additional time in advance of the deadline.

**IT IS SO ORDERED.**

Dated: December 30, 2025

P. Casey Pitts
United States District Judge