UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDO CASENAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILPITAS POLICE OFFICERS ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No.  5:24-cv-08565-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 60 |

Pro se plaintiff Erlindo Casenas brings this lawsuit against the Milpitas Police Officers Association (MPOA), the City of Milpitas, the Milpitas Police Department, various police officers, 24 Hour Fitness USA, LLC, and one individual, Aarondeep Singh Tumber. His claims arise from conduct that occurred while he was at a 24 Hour Fitness gym. Casenas's allegations span multiple defendants and claims, but his suit against Tumber is limited to allegations of harassment by the defendant.[1] Casenas brings the following claims against Tumber arising out of those allegations: due process violations under the Fourteenth Amendment; equal protection violations under the Fourteenth Amendment; retaliation and censorship in violation of the First Amendment; discrimination under the American with Disabilities Act ("ADA"); intentional infliction of emotional distress ("IIED"); and civil conspiracy.  Tumber, who is also pro se, now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule

---

[1] At this stage in the case, all other defendants except Tumber have been dismissed. *See* dkt. 41, 52, 58.

United States District Court
Northern District of California

12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id*. at 664. Pro se litigants are afforded more leniency than those represented by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"[M]ost rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978). Because Casenas never alleges that Tumber is a state actor, Casenas's constitutional claims must be dismissed. Likewise, a plaintiff asserting a violation of Title II of the ADA must allege, among other things, that he was discriminated against by a public entity. *Cohen v. City of Culver Cit*y, 754 F.3d 690, 695 (9th Cir. 2014). Again, Casenas never alleges that Tumber is anything but a private citizen. Casenas's ADA claims therefore must also be dismissed.

Casenas's remaining claims against Tumber—conspiracy and intentional infliction of emotional distress—do not include the allegations of fact required by the Federal Rules. Fed. R. Civ. P. 8(a)(2). The complaint states that Tumber "harassed" Casenas, "at one time" "yelled at" and "towered over" Casenas, and was "making calls and texting while staring at [Casenas] from time to time." To state a claim for intentional infliction of emotional distress, a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant intended to cause or recklessly disregarded the probability of causing emotional distress; (3) the plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of emotional distress by defendant's outrageous conduct. *Harrell v. California State Univ.*, 745 F. Supp. 3d 922, 945 (N.D. Cal. 2024) (citing *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 160 (2014)). Even if the Court accepted that the conduct described above was outrageous, Casenas does not allege any facts plausibly suggesting that Tumber either intended to cause or recklessly disregarded the

2

probability of causing extreme emotional distress. Without that necessary element, an IIED claim cannot succeed.

A plaintiff alleging civil conspiracy must base their claim on an underlying tortious act. *Hill v. Nat'l Collegiate Athletic Assn.*, 865 P.2d 633, 657 (1994). But Casenas's existing complaint neither identifies what the predicate tort is nor pleads any other possible tort. He therefore also fails to state a civil conspiracy claim that is plausible on its face.

For the foregoing reasons, Mr. Tumber's motion to dismiss is GRANTED. Dismissal is with leave to amend. Any amended complaint must be filed within 35 days of the date of this Order. If no amended complaint is filed, Casenas's claims against Tumber will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 8, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California